Village of Mill Neck, Appellant, v. The Town of Oyster Bay and Others, Respondents.*— Judgment modified by striking out the first two decretal paragraphs relating to the interests of the villages in the property of the water district, and the fifth and sixth conclusions of law upon which said portions of the judgment are based; and as so modified unanimously affirmed, with costs to respondents filing briefs. Locust Valley Water District is a quasi-municipal corporation performing an important function in public service, whose officers are charged with duties of administration (Town Law, §§ 287, 293),† granted limited power to make ordinances (Id. § 296), and given the right to sue and be sued. (Id. § 287-b.)‡ It is not possible that the Legislature intended that the property of this quasi-public corporation should be subject to division, simply because, subsequent to its creation, two villages were incorporated which included portions of the water district. The language of sections 34 and 35 of the Village Law (as amended)§ refers to the approtionment of liability, both on the bonded indebtedness and for current obligations. The term " apportionment " is so used in sections of the Town Law referring to water districts and other districts. (Town Law, §§ 289, 320-h.)‖ The villages of Mill Neck and Matinecock have not, as distinct municipal corporations, any obligation in respect to the water district except the duty to make proportionate division of liability and collect the tax. (Village Law, §§ 34, 35.) While it is said (Id. § 35) that the village assumes a proportion of the bonded debt of the town incurred for the benefit of the water district, the obligation is no different, as it relates to the taxable property in the village, from that existing before incorporation, as the bonds are issued by the town. The ultimate liability of the proportion of the indebtedness is imposed only upon the property of the district lying within the boundaries of the respective villages. (Town Law, § 288, as amd.;¶ Village Law, §§ 34, 35.) These villages, therefore, can make no claim upon a share, undivided

---

* Revd., 261 N. Y. 262.

† Respectively amd. by Laws of 1928, chap. 152, and Laws of 1929, chap. 592.— [Rep.        ‡ Added by Laws of 1928, chap. 498.— [Rep.

§ Respectively added by Laws of 1922, chap. 395, and Laws of 1925, chap. 116. — [Rep.        ‖ See Laws of 1925, chap. 476, adding § 320-h.— [Rep.

¶ Amd. by Laws of 1927, chap. 648, and Laws of 1931, chap. 102.— [Rep.

or otherwise, of this entirely distinct and pre-existing corporation. The water district may by proper procedure be dissolved. (Town Law, § 305-a.) * But that is not likely to occur so long as the district performs a useful public service and is able to pay its obligations. If such dissolution occurs and the district possesses assets over and above those held in trust for the public, there is no present method provided for the distribution thereof. It will then rest in the discretion of the Legislature to make disposition of the property; and it is certain that the villages have no present interest therein. (See *Meriwether* v. *Garrett*, 102 U. S. 472.) Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ. [140 Misc. 164.]

---

* Added by Laws of 1925, chap. 113.— [REP.